# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID JOHNSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-08-0593 |
| v. | (JUDGE CAPUTO) |
| JEFFREY A. BEARD, et al., | (MAGISTRATE JUDGE BLEWITT) |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 14) and Plaintiff David Johnson's Objections thereto. The Magistrate Judge recommended that the Court grant Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) and dismiss, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), all claims in Plaintiff's Complaint (Doc. 1) except the Eighth Amendment claims of deliberate indifference to Plaintiff's serious mental health needs against Defendants R. MacMillan, Marirosa Lamas, and Kevin Burke. For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

## BACKGROUND

Plaintiff David Johnson, an inmate at the State Correctional Institution at Rockview ("SCI-Rockview"), proceeding *pro se*, filed his Complaint (Doc. 1) in this civil rights action pursuant to 42 U.S.C. § 1983 and also filed a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff claims that Defendants Jeffrey A. Beard, Secretary of the Pennsylvania

Department of Corrections; Franklin J. Tennis, Superintendent of SCI-Rockview; R. MacMillan, Deputy Superintendent at SCI-Rockview; Marirosa Lamas, Deputy Superintendent at SCI-Rockview; and Kevin Burke, M.D., Psychiatrist at SCI-Rockview violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution by, with deliberately indifference to his serious mental health needs, (1) neglecting to treat his mental illness, (2) failing to transfer him to the medical facility at SCI-Waymart for treatment, (3) placing him in punitive segregation for behavior that is a result of his mental illness, and (4) failing to implement a proper mental health care program and to adequately train and supervise subordinates in proper mental health care.  (Doc. 1, at 7.)  Plaintiff, suing all Defendants in their official capacities, seeks declaratory and injunctive relief only.  (Report & Recommendation ["R&R"], Doc. 14, at 3.)

     As the Plaintiff filed a motion to proceed *in forma pauperis*, the Magistrate Judge reviewed Plaintiff's Complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B), which provides for dismissal of a case if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. (R&R, Doc. 14, at 9.)  The Magistrate Judge concluded that Plaintiff stated an Eighth Amendment claim, for denial of proper mental health care only, against Defendants MacMillan, Lamas, and Burke, but that the claims against Defendants Secretary Beard and Superintendent Tennis do not adequately allege their personal involvement, are based only on *respondeat superior*, and thus are insufficient.  (R&R, Doc. 14, at 5-8.) The Magistrate Judge also concluded that Plaintiff did not state a claim for violation of his rights to due process.  (*Id.* at 10, 11-15.)

2

**STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**DISCUSSION**

The Objection (Doc. 16) filed in this case is signed not by Plaintiff but by another prisoner, Michael Lee Austin, and it merely requests that Mr. Austin be provided a copy of the Report and Recommendation.  As the Objection does not contest any of the Magistrate Judge's conclusions, upon review for clear error or manifest injustice, the Report and Recommendation will be adopted.

The Objection also raises another issue, however.  It notes that Michael Lee Austin, rather than Plaintiff, "filed the above mentioned proceedings and every other necessary legal work pertaining to this matter."  (Doc. 16).  Michael Lee Austin has also filed an Affidavit (Doc. 15) indicating that he filed the Complaint, motion, brief in support, and affidavit in this case, and that Plaintiff David Johnson "only placed his signature on the paperwork in hopes of receiving what he is constitutionally entitled to, adequate mental health treatment per 8th Amendment."  (Doc. 15 ¶¶ 1-2.)  Mr. Austin also indicates that in March of 2008, he filed two (2) "Inmate's Request to Staff Member" forms, one with Plaintiff's counselor, Kathleen Phelps, and another with Corrections Librarian Alan Riggalls, both indicating that Plaintiff was in need of appointed counsel to pursue his claims.  (*See id.* ¶¶ 6-7.)  Mr. Austin informed these staff members that Plaintiff  "is severely mentally ill and he cannot file any paperwork on his own" and "has some issues to address to the Grievance Coordinator and others.  He is talking about needing someone to file Paperwork for him.  Therefore I am asking for you to initiate the necessary paperwork to the Corrections Librarian Alan Riggalls, so Staff Legal Assistance can be provided to David Johnson."  (*Id.*)

On April 15, 2008, two (2) days before filing the Report and Recommendation, Magistrate Judge Blewitt issued an Order (Doc. 13) denying Plaintiff's Motion for Appointment of Counsel (Doc. 5).  In this Order, Magistrate Judge Blewitt states that he was denying the motion because "Plaintiff's present filings, as well as his 8-page handwritten Complaint, belies" his claims that he is "'severely mentally ill' and [that] he lacks the ability to effectively communicate."  (*Id.* at 1-2.)  The Magistrate Judge lists his observations that Plaintiff "repeatedly cites to relevant case law as well as statutory law

4

throughout [Plaintiff's] filings, . . . can write intelligently and present his claims clearly, . . . clearly knows the basis for his Eighth Amendment claims, and . . . has shown more than an adequate ability to present his claims," as among the factors for denying Plaintiff's Motion for Appointment of Counsel. (*Id.* at 2.)

Magistrate Judge Blewitt's Order concludes that "[i]n the event the circumstances of this case should change, the Court will consider a new application for counsel at such time." (*Id.* at 3.) The Objection and Affidavit filed by Michael Lee Austin, and the Document filed on June 25, 2008, apparently prepared by Plaintiff himself (Doc. 17), shed new light on some of the factors identified in *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993), as relevant to appointment of counsel to a *pro se* civil litigant, particularly the litigant's demonstration of ability to present his own case. As such, the Magistrate Judge might revisit Plaintiff's Motion for Appointment of Counsel, or entertain a new motion, in light of this information.

## CONCLUSION

After careful consideration, the Court will adopt the Magistrate Judge's Report and Recommendation (Doc. 14).

An appropriate Order follows.

June 27, 2008 /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID JOHNSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-08-0593 |
| v. | (JUDGE CAPUTO) |
| JEFFREY A. BEARD, et al., | (MAGISTRATE JUDGE BLEWITT) |
| Defendants. | |

## ORDER

**NOW**, this  27th   day of June, 2008, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 14), **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 16) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 14) is **ADOPTED**.

(3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

(4) All claims in Plaintiff's Complaint (Doc. 1), except the Eighth Amendment claims of deliberate indifference to Plaintiff's serious mental health needs against Defendants R. MacMillan, Marirosa Lamas, and Kevin Burke, are **DISMISSED** pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

(5) This matter shall be **RECOMMITTED** to Magistrate Judge Blewitt for further proceedings.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge